IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES LISOTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1059 (MN) |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this 17th day of December 2019;

1. On October 16, 2019, the Court entered an Order that on or before December 2, 2019 Plaintiff was to either (1) file a dismissal as to Experian or (2) show cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. (*See* D.I. 14). To date, Plaintiff has done neither – he has not filed a dismissal for Experian nor has he shown cause why this case should not be dismissed.

2. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the

conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co*., 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty*., 923 F.3d 128 (3d Cir. 2019). The court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir. 2002).

4.      Several factors warrant the sanction of dismissal including Plaintiff's failure to respond to his counsel's repeated and continuous efforts to contact him; the refusal to execute the settlement agreement with Experian; the failure to respond to the Court's October 16, 2019 Order (D.I. 14); and Plaintiff's apparent abandonment of the case.

THEREFORE, IT IS HEREBY ORDERED that:

1.      The Complaint is **DISMISSED** without prejudice as to Experian Information Solutions, Inc. for Plaintiff's failure to prosecute this case.

3.      The Clerk of Court is directed to **CLOSE** the case.

The Honorable Maryellen Noreika
United States District Judge